Barton v. The People.

## WILLIAM H. BARTON

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Criminal Law—Obtaining Goods under False Pretenses—Cheating—Check—Absence of Funds.*

1. The fact, that a check is postdated or payable at a future day, does not take a given case out of the statute touching the obtaining of goods under false pretenses, nor does a merely colorable deposit shield the culprit.

2. The giving of a check is not a representation that the maker has the money in the bank upon which it is drawn, but it is a representation that the check is a good and valid order for its amount; that the existing state of facts is such that in ordinary course the check will be met.

3. Both court and jury will take notice of general business usages.

[Opinion filed April 21, 1890.]

IN ERROR to the Criminal Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.

Mr. C. STUART BEATTIE, for plaintiff in error.

Mr. J: M. LONGENECKER, for defendant in error.

GARY, P. J.    The plaintiff in error was convicted in the Criminal Court, upon an indictment, the second count of which charges, with a good deal of surplusage, that on February 2, 1889, he obtained from one Pape, a driver in the service of the H. C. Staver Manufacturing Company, a buggy of the value of $160, and two robes of the value of $15, the property of the company, by falsely pretending to Pape that a check drawn by himself upon a bank in Chicago, and dated two days later, for $175, was a good and available order for the payment of $175 and of the value of $175.

The indictment is sufficient, if the evidence warrants the conviction. The record shows that February 2, 1889, was Saturday; that about the middle of the day Barton, at the salesroom of the company, bargained with them for the buggy and robes, and said : " I don't want any credit, you send the buggy and robes to the place; don't send them before four o'clock; I am going to bank, and by that time I will have the money to pay the man who delivers the buggy and robes."

Barton had a stable, to which about five o'clock in the afternoon Pape took the buggy and robes; Barton met him and directed about the delivery. Pape went into the office, handed Barton the bill for $175, and Barton made out and delivered to Pape the check. Barton had in fact an account at the bank, on which the largest balance to his credit shown by the record at any time was less than $4. His manner of doing business had been to make deposits, the largest of which was $7, and draw small checks to be paid by the bank. He also drew larger checks, from $16 to $40, for which he left with the bank, money to pay them when presented, without having either money or checks pass through his account. There is nothing in the case to indicate that he had the slightest reason to expect that as his account stood when he gave the check, the bank would pay it. On the trial it was expressly admitted on his behalf that when he gave it he knew it was not good.

Barton v. The People.

It is apparent that his design was to cheat the company out of the buggy and robes, and the only question is whether his ingenuity has been sufficient to devise a scheme within the spirit, but not the letter, of the statute. "Whoever, with intent to cheat another, designedly, by color of any false pretense, obtains from any person any personal property," are the words of the statute applicable to this case. By statute, person includes corporations. It has been the law of England for nearly four score years that "fraudulently to obtain goods by giving in payment a *cheque* upon the banker with whom the party keeps no cash, and which he knows will not be paid," is an offense indictable under a statute substantially like that of this State. Rex v. Jackson, 3 Camp. 370.

The fact that the check is postdated or payable at a future day has often been held not to take the case out of the statute. Rex v. Parker, 7 C. & P. 825; Foote v. People, 17 Hun, 218. Nor does a merely colorable deposit shield the culprit. Queen v. Hazelton, 2 L. R. C. C. 134. Giving a check is not a representation that the party has then the money in the bank to his credit, but it is a representation that the check is a good and valid order for its amount; that the existing state of facts is such that in ordinary course the check will be met; case last cited. The postdate of the check is a perfectly immaterial circumstance in this case.

Both court and jury will take notice of general business usages. A check given at 5 P. M. Saturday, dated Monday, can be presented for payment just as soon as if dated Saturday. The representation as to its value, and the existing state of facts, by giving it, is just as emphatic with the one date as the other. Courts are under no duty to aid the devices of dishonesty by refining away the substance of criminal acts.

The judgment is affirmed.

*Judgment affirmed.*